OPINION
{¶ 1} On August 26, 2004, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Lindsay Horstmann born June 29, 2004, alleging the child to be dependent. Mother of the child is appellant, Paula Colberg; father is Hans Horstmann. Appellant and her children are Cherokee therefore, the Cherokee Nation was notified pursuant to the Indian Child Welfare Act. Hearings were held on October 27, and November 24, 2004. By judgment entry filed January 19, 2005, the trial court found the child to be dependent, and granted appellee temporary custody of the child.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "The finding of dependency as to lindsay hortsmann was not supported by the clear and convincing evidence presented and therefore the juvenile courts' orders as to adjudication and disposition should be reversed and vacated."
 II {¶ 4} "It appearing that the cherokee nation had timely moved to intervene herein on behalf of lindsay hortsmann, the juvenile court erred by not closing this case and transferring it to the jurisdiction of the cherokee nation under 25 U.S.C. Section 1901 et seq."
 I {¶ 5} Appellant claims the trial court erred in finding Lindsay to be a dependent child. Appellant claims the evidence presented was not clear and convincing. We disagree.
 {¶ 6} Pursuant to R.C. 2151.04(D), a dependent child means any child:
 {¶ 7} "(D) To whom both of the following apply:
 {¶ 8} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 9} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 10} A finding of dependency must be supported by clear and convincing evidence. R.C. 2151.35(A). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Appellee filed for temporary custody of Lindsay immediately after her birth, alleging her to be a dependent child based upon two issues:
 {¶ 12} "(1) the child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling fo (sic) the child or any other child who resides in the household is an abused, neglected or dependent child, AND
 {¶ 13} "(2) because of the circumstances surrounding the abuse, neglect or dependency of the sibling or other child and other conditions in the household or the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household." See, Complaint filed August 26, 2004.
 {¶ 14} After hearings and objections, the trial court approved and adopted the magistrate's recommendations based upon the following findings:
 {¶ 15} "Bs (sic) Bertini indicated throughout the companion case to date, Paula Colberg and Hans Hortsmann have never recognized or acknowledged that Scott McCallum was determined to be an abused child due to Paula Colberg's treatment of the child. To date, Paula Colberg does not yet have even supervised visitation with Scott McCallum as his counselors have not been able to recommend it be initiated. Paula Colberg and Hans Hortsmann have supervised visits only with Tabbetha McCallum and Ashley Hortsmann.
 {¶ 16} "Beth Bertini indicated she has grave concerns for the safety of the children with Paula Colberg and Hans Hortsmann. Beth Bertini stated she feels many of the case plan services completed by Paula Colberg and Hans Hortsmann are not accurate as the self-reported information provided by Paula Colberg and relied on by service providers was clearly inaccurate. Ms. Bertini feels the same dangers and risks exist for minor children in the case of Paula Colberg and Hans Hortsmann now as prior to initiation of case plan services.
 {¶ 17} "Beth Bertini testified relative placement is not currently available for Lindsay Hortsmann." Magistrate's Decision filed December 3, 2004 at Findings of Fact Nos. 5, 6 and 7.
 {¶ 18} Appellant argues there was no proof that Lindsay would have been a resident of Tuscarawas County as she was born in a Stark County hospital and immediately removed from the hospital by appellee. There was undisputed testimony that Lindsay would have resided in the family home in Tuscarawas County once she was released from the hospital. T. at 4-6.
 {¶ 19} The gravamen of this assignment of error is whether the use of a previous abuse determination by the same court in a case involving a half sibling is sufficient to support the removal of this child.
 {¶ 20} Beth Bertini, the caseworker who had been involved with the family, testified to a previous determination of abuse of Lindsay's half sibling, Scott McCallum, based upon the diagnosis of Munchausen Syndrome by Proxy perpetuated by appellant, and the previous determinations of dependency of two other siblings. T. at 3-4. It was these cases that caused Ms. Bertini to opine there was a safety issue involving Lindsay. T. at 4-5. Ms. Bertini also testified the parents appear to be unable to recognize the concerns involved. T. at 5, 7, 24. Other concerns involved the abandonment of the children in the home for seven to eight hours, no food in the house, taking the children to doctors for no reason and unnecessary surgery. T. at 29, 82. Upon cross-examination, Ms. Bertini testified other children can be affected by a parent having Munchausen by Proxy. T. at 86, 93-94.
 {¶ 21} Mr. Horstmann's attorney argued a psychologist, Rajendra Misra, Ph.D., found that appellant did not have Munchausen by Proxy. T. at 35-36. This opinion contradicts a prior finding of the trial court and as opined by Ms. Bertini, was based on inaccurate information. T. at 35, 38-39. In Dr. Misra's opinion, appellant "may be able to provide adequate care for her children." See, Exhibit Mother's C. This opinion contradicts the direct evidence of appellant's abuse of Scott.
 {¶ 22} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 23} Although no judicial notice of the prior case was attempted, we find the direct evidence established the prior adjudications of abuse and dependency and established reasons for continued concerns given the reports of the other children. T. at 3-6.
 {¶ 24} Upon review, we find clear and convincing evidence of a prior adjudication of abuse in the home, and clear and convincing evidence of a continued threat to Lindsay's safety in the home.
 {¶ 25} Assignment of Error I is denied.
 II {¶ 26} Appellant claims the trial court lacked jurisdiction under Section 1911(B), Title 25, U.S. Code to determine the issues sub judice. We disagree.
 {¶ 27} Pursuant to said section, the jurisdiction of issues relative to foster care placement or termination of parental rights shall be transferred to the tribal court of the tribe involved "upon the petition of either parent or the Indian custodian or the Indian child's tribe."
 {¶ 28} The recommendation made by Marsha Cobell-Thompson, Indian expert witness, stated the following:
 {¶ 29} "Cherokee Nation recommends that the state court shall `notify' the parent or Indian custodian and the Indian child's tribe by registeredmail with return receipt requested and no proceedings shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary, further, the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such a proceeding, according to25 U.S.C. § 1912(a) Pending Court Proceedings. Violation of any provision of sections, 1911, 1912, and 1913 of the United States Code Title 25, can result in Cherokee Nation petitioning the court of competent jurisdiction to invalidate action upon showing of certain violations, according to25 U.S.C. § 1914. Cherokee Nation did not receive notice of this hearing by the correct legal manner, a verbal notice was given." See, Declaration filed October 12, 2004 at ¶ 12.
 {¶ 30} Ms. Cobell-Thompson then requested the following pursuant to Section 1914, Title 25, U.S.Code:
 {¶ 31} "Any Indian child who is the subject of any action for foster care placement or termination or parental rights under State law, any parent or Indian Custodian from whose custody such child was removed, and the Indian child's tribe may petition the court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.
 {¶ 32} "Cherokee Nation respectfully requests that the Federal Law and sections 1911, 1912, and 1913 be complied with to elevate petitioning the court to invalidate action(s) that violated any provision of the sections." See, Notice to the Court filed October 12, 2004.
 {¶ 33} Our review of the above recommendation and request is that they do not involve a request for transfer of jurisdiction. The request merely asks for continued notification and the right to participate. In addition, the record is devoid of any request by a parent for the transfer of jurisdiction.
 {¶ 34} Assignment of Error II is denied.
 {¶ 35} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Court Division is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Court Division is affirmed.